DeLANA E. BISHOP, Petitioner.

Middlesex.    March 9, 1911. — March 14, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions, petition to establish.    *Rules of Court.*

Proceedings to establish the truth of exceptions are treated as *strictissimi juris.*

A petition to establish the truth of exceptions cannot be amended by adding to it allegations which are not supported by an affidavit made within twenty days after notice of the refusal to allow the bill of exceptions, as required by Rule 6· of the rules for the regulation of practice before this court.

If upon the face of a petition to establish the truth of exceptions it appears that the exceptions sought to be proved are plainly frivolous and immaterial, the petition should be dismissed without an inquiry into the truth of its allegations; but it is only when the immateriality is obvious that the petition can be dismissed on this ground. Where the petitioner presents questions proper for argument and for deliberate consideration by this court, they will not be disposed of without giving the petitioner an opportunity to establish the truth of the exceptions which he has alleged and to argue them if they are established.

Where upon the face of a petition to establish the truth of exceptions it appeared that the petitioner's requests for rulings raised only questions of fact upon which the petitioner had the burden of proof, and that the evidence on these questions was conflicting, and that the only other exception alleged to which the petition related was to the admission in evidence of a certain sentence in a letter, written by a man who had testified as a witness for the petitioner, and whose testimony the sentence in the letter tended plainly to contradict in a material matter, it was *held*, that the petition should be dismissed on the ground that, if the exceptions alleged by the petitioner were established, they would present no questions of law of sufficient gravity to call for consideration by this court.

PETITION to establish the truth of exceptions alleged to have been taken by the petitioner as libellee at a hearing before *Sanderson*, J., upon objections filed by her to making absolute

a decree *nisi* of divorce for adultery which had been entered against her. It was alleged in the petition that on January 11, 1911, *Sanderson*, J., refused to sign and allow the bill of exceptions presented by the petitioner, and that notice of such disallowance was given to the petitioner on January 23, 1911.

The petitioner presented to this court a motion to amend her petition by adding an allegation that on the day on which the petitioner filed her bill of exceptions she "delivered to the attorneys for the respondent a written notice of the filing of said bill of exceptions, together with a copy thereof," and also by adding to the statement of a certain objection alleged to have been made by the petitioner an allegation that "the court overruled the objection and the libellee excepted."

The libellant filed in this court a motion to dismiss the petition for the following reasons:

"First. It does not appear in said petition that any notice of the filing of the bill of exceptions was given to the adverse party.

"Second. It does not appear in said petition that the parties were heard by the presiding justice as to the said bill of exceptions.

"Third. It does not appear in said petition that the petitioner ever attempted to have said bill of exceptions allowed.

"Fourth. An examination of the bill of exceptions annexed to the petition shows that no error of law was committed by the presiding judge, and that the petitioner would have no substantial exception if said exceptions shall be proved."

*W. S. Patterson*, for the petitioner.

*T. W. Proctor*, for the respondent.

KNOWLTON, C. J. The petitioner has filed a motion to amend her petition by adding to it certain allegations. These allegations are not supported by affidavit, as is required by Rule 6 of the rules for the regulation of practice before the full court.

We feel bound by the decision in *Tufts* v. *Newton*, 117 Mass. 68, in which it is held that an affidavit in a case of this kind, made after the expiration of twenty days from notice of the refusal to allow the bill of exceptions, cannot be effectual to entitle the party to the benefit of such allegations. It is decided that proceedings to establish the truth of exceptions are *strictis-*

*simi juris*, and the motion to amend the petition at this time must be denied.   See also *Hadley* v. *Watson*, 143 Mass. 27.

The respondent asks us to dismiss the petition for the reason, among others, " that an examination of the bill of exceptions annexed to the petition shows that no error of law was committed by the presiding judge and that the petitioner would have no substantial exception if said exceptions shall be proved." In *Fitch* v. *Jefferson*, 175 Mass. 56, Chief Justice Holmes said in the opinion : " As a general rule no inquiry into the merits of a bill of exceptions is open upon a petition to prove them.   Ordinarily it is not proper to call upon the court to pass upon a question of law until that question is proved to have arisen in the proceedings sought to be revised.   But while it appears to us better to adhere to the rule pretty strictly, the rule is rather one of convenience and propriety than of absolute law.   It is perfectly logical to dismiss a petition to prove exceptions on the ground that there is nothing in them if they are proved."   In that case the petition to establish the truth of exceptions was dismissed after a consideration of the merits of the exceptions.

We are of opinion that if it appears upon the face of a petition to establish exceptions, that the exceptions sought to be proved are plainly frivolous and immaterial, so as not to be a proper subject for judicial inquiry, the petition should be dismissed.   It would be idle to put a prevailing party to the delay, trouble and expense of a hearing before a commissioner and subsequent proceedings in court, if it were obvious upon a cursory examination of the case of an excepting party that there were no material questions of law involved in it.   On the other hand, if the petitioner presents questions proper for argument and deliberate consideration by the court, they will not be disposed of without giving the petitioner an opportunity to establish his exceptions and to argue them if they are established.   Ordinarily, upon such a petition, the court will not inquire into the merits of the exceptions.   It is only when the immateriality is obvious that the petition can be dismissed.

In the present case the libellee's requests for rulings raised only questions of fact upon which she had the burden of proof, and the evidence was conflicting.   Plainly no debatable question of law was raised by the refusal of them.

The only other alleged exception to which the petition relates is to the admission of a sentence contained in a letter received by the libellee from a man with whom she was charged with having committed adultery, as follows: "You are not my wife, but you are just the same." The libellee relied upon his testimony that they had never seen each other but once and that their relations were innocent. It is too plain for question that this statement was admissible as tending to contradict him.

We are of opinion that the petition should be dismissed on the ground that, if the exceptions were established, they would present no questions of law of such gravity as properly to call for consideration by the court.

*Petition dismissed.*