## HARRY FREEDMAN, petitioner.

Suffolk.   October 22, 1915. — November 8, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Exceptions,* Petition to establish.

Upon a petition to establish exceptions the only matter before this court is the determination whether the bill of exceptions presented to the trial judge and disallowed by him was true in whole or in any separable part, and, after the petition is before this court, although slight unintentional errors may be rectified, there can be no material modification of the bill as it was presented to the trial judge for allowance, and it must be allowed or disallowed by this court substantially as it was presented to him.

Accordingly, in the present case, a motion to dismiss a petition to establish exceptions for the purpose of substantial amendment of the record was denied.

*It seems* that, if a bill of exceptions as filed, although setting out exceptions actually taken, contains irrelevant and objectionable evidence of a character to obscure the questions of law raised, or is of wholly unnecessary bulk, or by reason of evidence inserted and of other evidence omitted presents a distorted picture of the circumstances under which the exceptions were taken, it is not a true bill of exceptions and ought not to be allowed.

It *also was said,* that it is perhaps conceivable that a bill of exceptions may be so bald in its statement of accompanying facts as to present only a skeleton and not a true representation of such facts and for this reason ought not to be allowed.

MOTION, filed in this court on October 22, 1915, by the respondents to a petition filed by Harry Freedman to establish exceptions in an action brought by him against Bessie Lipman and others, which petition was filed on January 29, 1914, the present motion of the respondents alleging that the petitioner, Harry Freedman, filed in the Superior Court a draft of a bill of exceptions, which was disallowed by *Fox,* J., that thereupon the petitioner filed his petition to establish exceptions, to which was annexed a copy of the bill of exceptions disallowed by the judge, that hearings were had before a commissioner, who, as

appears by the report, found that the exception alleged was duly saved, that thereupon the petition was recommitted to the commissioner for the purpose of making additions to the petition, and more particularly to the bill of exceptions, and that, as appears by the record, the commissioner reported that, in his opinion, he was without authority to make any amendments with reference to the report or the bill of exceptions; that the respondents, who make the present motion, desire to amend either the report or the bill of exceptions in divers ways, so that the report and the bill of exceptions will present more intelligibly the exceptions to be passed upon by this court which have been allowed by the commissioner; and praying that the case may be continued until the November sitting of the court, and that the case either may be recommitted to the commissioner with instructions from this court to allow such further amendments as justice may require, or that the matter may be referred to the judge of the Superior Court for the same purpose.

*D. Stoneman,* for Bessie Lipman and others, in favor of the motion.

*E. C. Stone,* for Freedman, the petitioner to establish exceptions.

RUGG, C. J. This is a petition to establish the truth of exceptions after disallowance by the judge of the Superior Court. It was referred to a commissioner, whose report establishes the truth of the exceptions set forth in the bill annexed to the petition. On motion, by consent of parties, it was recommitted to the commissioner in order that details might be added to show the setting in which the exceptions were taken and thus make them clearer. The supplemental report of the commissioner states that in the former report "all matters in dispute under the petition to prove the bill of exceptions" were covered. By agreement of counsel, however, an exhibit was added to the exceptions. The supplemental report then proceeds as follows: "There are matters still in dispute between them [the counsel]; each party wishing to make additions to the bill to which the other does not agree. As described by counsel, they seem to be substantial amendments. . . . Accordingly, I have declined to hear the parties upon them." This means that the additions desired to the bill of exceptions are more than the alteration of details or correction of verbal mistakes, or the addition of unessential matters whose omission may be

attributable to inadvertence. What is desired is the adjunction of substantial facts. The counsel for the parties who prevailed in the Superior Court now moves "that the case either be recommitted to the commissioner with instructions . . . to allow such further amendments as justice may· require, or that the matter be referred to the said justice of the Superior Court for the same purpose or for such other action as . . . may seem meet and proper." The motion must be denied.

In a proceeding like this, the only matter before the court is the determination of the question whether the bill of exceptions presented to the judge and by him disallowed was true in whole or in any separable part. While minor deficiencies may be made complete and comparatively insignificant errors rectified, there can be no material modification of the bill as presented. It must either be allowed or disallowed in substantially that form. *Morse* v. *Woodworth*, 155 Mass. 233. *Dorr* v. *Schenck*, 187 Mass. 542.

If the bill of exceptions as filed, although setting out exceptions actually taken, contains irrelevant and objectionable evidence of such a character as to obscure the questions of law raised, or is of wholly unnecessary bulk, or presents a picture changed in color by the insertion of some evidence and the omission of other evidence, then it is not a true bill of exceptions and ought to be disallowed. A blending of exceptions with a mass of extraneous matter tending to give an unnatural complexion to the case is not a true bill and should not be established. *Horan, petitioner*, 207 Mass. 256.

It is perhaps conceivable that a bill of exceptions may be so bald in its statement of accompanying facts as to present only a skeleton and not a true representation of a case. If such a situation should arise, then the exceptions likewise would be defective and should be disallowed.

The place to settle exceptions and to make such amendments as may be necessary to render accurate the statement of the exceptions originally filed is in the Superior Court in ordinary cases. St. 1911, c. 212. In the rare instances when it is necessary to file a petition for the establishment of exceptions in this court, the field of inquiry is not broadened beyond the exceptions filed in the Superior Court except as to slight unintentional errors. The only question presented is whether the exceptions

set forth in the copy annexed to the petition to establish exceptions were saved and should have been allowed. These cannot be amended in material respects. *Tighe* v. *Maryland Casualty Co.* 216 Mass. 459. New matter of substance cannot be added. Exceptions, although saved, cannot be allowed nor established unless included in the bill as filed. *Commonwealth* v. *Dow,* 217 Mass. 473, 482.

When exceptions have been allowed by the trial judge and entered in this court, they sometimes are discharged for the purpose of correcting an error which by accident, mistake or oversight has crept into the record. *Burbank* v. *Farnham,* 220 Mass. 514. See *Squier* v. *Barnes,* 193 Mass. 21. But where the exceptions have been disallowed by the judge, the case must rest upon the record presented by the petition for the allowance of the exceptions and the report of the commissioner, save as to slight and unessential particulars.

There is nothing in the petition to establish the exceptions, in the two reports of the commissioner, or in the facts set forth in the motion now under consideration, to show that the rights of the parties are not protected in the record as it now is.

> *Motion denied. Case to stand for argument upon the report and supplemental report of the commissioner.*