HENRY A. KOCH & another, petitioners.

Suffolk. November 17, 1916. — November 23, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Auditor's report: motion to recommit, Exceptions: matter of discretion, petition to establish truth of. *Rules of Court.*

Where an action at law was referred to an auditor under an agreement of the parties that the auditor's findings of fact should be final and the auditor has filed a report in favor of one of the parties, whereupon the party against whom the finding was made moves that the case be recommitted to the auditor in order that he may insert in his report a statement of a certain ruling alleged to have been made by him, but the facts stated in the motion are not verified by affidavit nor supported by any evidence and are not admitted by the opposing party, a denial of the motion by the trial judge affords no ground for exception, the question of granting the motion under such circumstances being a matter wholly within the discretion of the judge.

Where, upon a petition to establish the truth of exceptions, it appears by an inspection of the bill of exceptions as filed and disallowed that no substantial question of law is set forth therein, the petition will be dismissed without referring it to a commissioner.

---

PETITION, filed in this court on November 9, 1916, to establish the truth of exceptions alleged by the defendants in an action of contract, which was brought in the Superior Court by the assignee, under a common law assignment for the benefit of creditors, of the members of a partnership doing business in Lynn under the firm name of Judkins-Howes Company, to recover a balance alleged to be due for use and occupation of a part of a certain store.

The exceptions were disallowed by *Jenney*, J., whose certificate was as follows:

"I disallow the foregoing bill of exceptions because in my opinion the same is not conformable to the facts.

"This case came on to be heard on the defendants' motion to recommit the same to the auditor, and on the plaintiff's motion for judgment on the auditor's report. The defendants' motion was not verified by affidavit, no evidence was offered in support thereof, and the facts on which the defendants relied were not admitted by the plaintiff. After hearing, and upon consideration of the case, I denied the motion to recommit and ordered judgment on the auditor's report. To this action the defendants excepted. No other exceptions were taken.

"The matters referred to in paragraphs 5 to 12, both inclusive, of the defendants' bill of exceptions [relied upon by the defendants as the ground for recommitting the auditor's report and described briefly in the opinion] did not appear before me by any evidence or through any source admissible as evidence, or by agreement of parties; and if I had been authorized to make any findings as to the same I could not have done so. This action has been taken after hearing the parties."

On November 14, 1916, the respondent, the plaintiff in the action at law, filed in this court a motion that the petition to establish the truth of the alleged exceptions be dismissed without the appointment of a commissioner.

The first paragraph of Rule 24 of the Superior Court is as follows: "The court will not hear any motion grounded on facts, unless the facts are verified by affidavit or are apparent upon the record and the papers on file in the case, or are agreed and stated in writing signed by the parties or their attorneys. The same rule shall be applied to all facts relied on in opposing any motion."

*H. T. Lummus*, in support of the motion to dismiss.

*J. S. Richardson*, for the petitioners.

RUGG, C. J. This is a petition to establish exceptions. The respondent, the plaintiff in the original action, moves that the petition be dismissed on the ground that it is apparent upon a cursory examination of the exceptions as filed that no substantial question of law is involved. The action is in contract. It was referred to an auditor with an agreement by the parties that his findings of fact should be final. The auditor's report was in favor of the plaintiff. Thereafter, the plaintiff moved that the report be confirmed and that judgment be rendered against the defendants. The defendants, the present petitioners, moved that the report be recommitted to the auditor because he did not show that an objection had been made to the introduction in evidence of a certain letter, whereas in truth such objection had been made, and that the auditor, although requested to make a statement of such ruling in his report, had not done so. St. 1914, c. 576, § 2, amending R. L. c. 165, § 55. The judge denied the motion of the defendants and granted that of the plaintiff. To this action an exception was taken, and this is the only exception alleged in the bill.

This exception raises no question of law. The certificate of the Superior Court judge in disallowing the exceptions, the truth of which in this respect is not disputed by the petitioners, shows that the facts stated in their motion were not verified by affidavit, were not supported by any evidence and were not admitted by the opposing party. Under these circumstances it is too clear for discussion that the granting of the motion to recommit the case to the auditor rested wholly in the discretion of the judge. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 372.

Since no substantial question of law is set forth in the bill of exceptions as filed and disallowed, the parties and the Commonwealth ought not to be put to the expense of a hearing on the petition to establish the exceptions, but the petition should be dismissed. *Bishop, petitioner,* 208 Mass. 405, 407.

*So ordered.*