## NATHAN BARNETT, petitioner.

Suffolk.  December 1, 1921. — December 5, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil*, Exceptions: petition to establish.

The averments in a petition filed in this court to establish exceptions in substance were that at a trial of an action of tort brought by the petitioner wherein a verdict was returned for the defendant on each count in the declaration, the petitioner saved certain exceptions and seasonably presented a bill of exceptions to the trial judge; that the judge refused to allow the bill and struck out some

of the exceptions as stated therein and ordered the petitioner to draw a sub-
stitute bill of exceptions omitting the objectionable parts; that the petitioner
did draw up such substitute bill, which was allowed by the judge; that there-
after the petitioner filed a bill of exceptions to the allowance of the substitute
bill of exceptions, inserting therein the exceptions stricken out of his original
bill and not allowed; and thereafter such bill of exceptions to the allowance
of the substitute bill of exceptions was presented to the judge and allowance
refused. *Held,* that the petition did not conform to G. L. c. 231, § 117.

A petition filed in this court for the establishment of exceptions must relate to
the exceptions originally filed and disallowed.

The filing of a substitute bill of exceptions is in effect a waiver of matters not
included therein.

A petition filed in this court for the establishment of an alleged exception of the
plaintiff in an action in which the jury returned a verdict for the defendant
on each count in the declaration cannot be maintained where the only excep-
tion set forth in the petition as having been disallowed relates to the exclusion
of evidence concerning damages.

A motion to amend a petition filed in this court to establish exceptions by adding
thereto a copy of a substitute bill of exceptions, which in the Superior Court
was allowed and later was dismissed, is unwarranted in law and cannot be
allowed nor considered.

A petition to establish exceptions is and ought to be denied when it is manifest
that, if allowed, the alleged exception necessarily would be overruled, or that
it would not be considered because immaterial.

PETITION, filed in this court on November 3, 1921, to establish
exceptions alleged by the plaintiff in an action of tort for libel
and slander and malicious prosecution which was brought by him
against one Clarence B. Loud in the Superior Court. The material
averments in the petition are described in the opinion.

The petitioner also presented to this court a "Motion to amend
his petition to establish exceptions" by adding thereto and in-
serting therein a substitute bill of exceptions which he alleged
*Morton,* J., had signed and allowed and later, after the filing in
this court of the petition to establish exceptions, had dismissed.

*N. Barnett, pro se.*

RUGG, C. J. This petition was filed on November 3, 1921.
Its averments in substance are that at a trial of an action brought
by the petitioner against one Loud, wherein a verdict was returned
for the defendant on each of the counts in the declaration, the
petitioner saved certain exceptions and seasonably tendered to
the judge, who presided, a bill of exceptions; that the judge
refused to allow the same and struck out some of the exceptions
as stated therein, and ordered the petitioner to draw up a sub-
stitute bill of exceptions omitting the objectionable parts; that

the petitioner did draw up such a bill, which was allowed by the judge; that thereafter the petitioner filed a bill of exceptions to the allowance of the substitute bill of exceptions, inserting therein the exceptions stricken out of his original bill and not allowed; that thereafter such bill of exceptions to the allowance of the substitute bill of exceptions was presented to the judge and allowance was refused.

This petition does not conform to the statute. If a judge "disallows or fails to sign and return the exceptions or alters any statement therein, and either party is aggrieved thereby, the truth of the exceptions presented may be established before the full court upon petition . . ." G. L. c. 231, § 117, formerly R. L. c. 173, § 110. This language cannot be made plainer by exposition. The present petition is not for the establishment of the exceptions originally filed, but for the establishment of the second bill of exceptions to the action of the judge in striking out a part of that bill. The statute recognizes no such procedure as that here attempted by the petitioner. It always has been held that the statute and rule must be strictly followed. *John Henry Co. petitioner,* 222 Mass. 182. The petition for establishment of exceptions must relate to the exceptions originally filed and disallowed in whole or in part. *Moneyweight Scale Co. petitioner,* 225 Mass. 473. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 432. The filing of the substitute bill of exceptions by the petitioner was in effect a waiver of matters not included therein.

The petitioner has presented a "Motion to amend his petition to establish exceptions." Such motion is unwarranted in law and cannot be allowed or considered. *Freedman* v. *Lipman,* 223 Mass. 471. *Freedman, petitioner,* 222 Mass. 179.

For another reason the petition cannot be maintained. The only exception set forth in the petition as having been disallowed relates to the exclusion of evidence concerning damages. The petition sets forth that the jury returned a verdict for the defendant on each count in the declaration. That imports a finding by the jury that the plaintiff failed to establish liability on the part of the defendant to him. Therefore if the exception should be established, it could not be of any aid to the petitioner. Exceptions to exclusion of evidence on damages are never con-

sidered when there is no error of law on the question of liability in cases where the defendant is exonerated from all liability. *Bradford* v. *Boston & Maine Railroad,* 225 Mass. 129. *Miller* v. *Gulesian,* 229 Mass. 27. *DeWolfe* v. *Roberts,* 229 Mass. 410. See *Sullivan* v. *Old Colony Street Railway,* 200 Mass. 303. Even if the exception should be sustained on the question of liability, the question of evidence as to damages attempted to be presented here would not be considered because it would not be likely to arise in the same form at another trial. A petition to establish exceptions is and ought to be denied, when it is manifest that, if allowed, the alleged exception would necessarily be overruled, or not considered because immaterial. The petitioner has suffered no harm from the act of which he complains. *Koch, petitioner,* 225 Mass. 148. *Bishop, petitioner,* 208 Mass. 405.

*Petition dismissed.*