JAY B. REYNOLDS, petitioner.

Franklin.   September 16, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: establishment; Finding by trial judge.

While proceedings for the establishment of exceptions are *strictissimi juris,* they do not require finical and photographic preciseness; and differences between the copies of the exceptions annexed to the petition and those annexed to the copy of the petition delivered to the adverse party under Rule 6 of the Rules for the Regulation of Practice before the Full Court, which are purely clerical and immaterial and do not reach to any matter of substance, present no proper ground for a dismissal of the petition.

As a general rule no inquiry is made into the merits of exceptions on a petition to establish them; but where it appears on the face of the petition that plainly there is no real question of law in the alleged exceptions and that they are immaterial and do not afford proper subject for judicial inquiry, then the petition will be dismissed.

A petition to establish defendant's exceptions, disallowed by a judge of the Superior Court who had heard the action without a jury, will be dismissed where it appears that the proposed bill of exceptions discloses no exception to any ruling of law by the judge and only an alleged exception to a finding of fact which was in substance that the plaintiff had not proved his case.

PETITION, filed in the Supreme Judicial Court on February 2, 1925, for the establishment of an exception, alleged to have been saved by the plaintiff at the hearing of an action of contract, Jay B. Reynolds *vs.* Joseph Ryan, in the Superior Court by *Fosdick*, J., without a jury, where the judge found for the defendant.

*C. Fairhurst*, for the respondent.

*F. J. Lawler*, for the petitioner.

RUGG, C.J.   This is a petition to establish exceptions disallowed by a judge of the Superior Court because in his opinion not conformable to the truth.   A motion was filed to dismiss the petition on the grounds (1) that the copy of the petition delivered to the adverse party or his attorney of record was not true and accurate, and (2) that copies of the original bills of exceptions annexed to the petition were not true and accurate.

The copy of the petition delivered under Rule 6 of the Rules for the Regulation of Practice before the Full Court was in the same words as the original petition on file, save that in one instance the word "of" was typed instead of the word "after" in the original petition.   Manifestly this was a clerical error of no consequence.   *Nugent* v. *Greenfield Life Association*, 172 Mass. 278, 283.   Proceedings for the establishment of exceptions are *strictissimi juris;* but they do not require finical and photographic preciseness.   The differences between the copies of the exceptions annexed to the petition and those annexed to the copy of the petition delivered under Rule 6 also were purely clerical and immaterial and do not reach to any matter of substance.   They need not be stated in detail.   Both these grounds are invalid.   There is nothing inconsistent with this in *Ryder* v. *Jenkins*, 163 Mass. 536.

As a general rule no inquiry is made into the merits of exceptions on a petition to establish them: but where it appears on the face of the petition that plainly there is no real question of law in the alleged exceptions and that they are immaterial and do not afford proper subject for judicial inquiry, then the petition ought to be dismissed.   *Bishop, petitioner*, 208 Mass. 405, 407.   *Koch, petitioner*, 225 Mass. 148.   *Barnett, petitioner*, 240 Mass. 228, 230.

The cause of action on which the present petition is founded was replevin. The case turned on the issue whether the parties made an express contract for the repair of an automobile for a specified price, or whether only an estimate of the cost of such repairs was given. The trial was before the judge without a jury. It was stated at the bar that the bill of exceptions annexed to the petition is based on the assumption that the judge made a ruling of law when he said at the conclusion of the evidence, "I am afraid that the situation is such that I have to rule on those things as estimates and not on the fact that there was any express or special contract made, I am afraid I shall have to rule that those are estimates made by one business man to another." That is the only possible point of law presented. No exception is alleged to have been saved to that remark made by the judge. On the contrary, following that statement there is set out in the disallowed bill of exceptions more than two typewritten pages of colloquy between the judge and counsel, being chiefly statements by the judge, from which it is clear beyond doubt that he made no ruling of law but simply found as a fact that the plaintiff had not proved his case. The concluding words of the judge as thus set forth are, "I can't find there was a special or actual closed agreement. I can't think it was anything more, on the testimony as I have heard it, it was an estimate, a poor estimate which fell short and your man relied upon that estimate when he had that work done on the car and it has run over that estimate and now he doesn't want to pay the young man. I am afraid that is the way I shall have to look at it." Counsel then said, "Will you allow my exception?" The judge replied, "Yes. I shall have to find for the defendant."

The burden of proof was upon the plaintiff. There was apparently considerable oral testimony. There were no requests for rulings of law. A general finding for the defendant under these circumstances presents no question of law, even though the attempt is made to save exceptions.

*Petition dismissed.*