## HARRY F. BULLOCK, petitioner.

Middlesex.　October 19, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: dismissal because frivolous, petition to establish; Order nunc pro tunc; Appeal.

Under G. L. c. 231, § 113, a judge must consider a bill purporting to set forth exceptions alleged to have been saved at a hearing or trial before him, and allow it if it is conformable to the truth, although he previously under § 116 had purported to "allow" a motion that the exceptions be dismissed because they were immaterial, frivolous, and intended for delay and without ground in law.

A judge has no power or authority, upon presentation to him under G. L. c. 231, § 113, of a bill purporting to set forth exceptions saved at a trial or a hearing before him, to disallow the bill as of a date nearly a month previous, at which time he had granted a motion under § 116 to dismiss the exceptions because they were immaterial, frivolous and intended for delay and without ground at law.

A defendant filed a motion under G. L. c. 223, § 114, to reduce or discharge an attachment. Pending proceedings on the motion, the plaintiff partially released the attachment upon the delivery to him of a bond upon which the sureties had not been formally approved, which bond he retained and did not file in the clerk's office. The motion afterwards was allowed and the attachment was reduced. The defendant then proffered a bond with sureties properly approved for the balance of the amount of the attachment allowed by the court to stand, and the plaintiff refused to accept it. On motion by the defendant, the court made an order directing the plaintiff to file with the clerk of courts the first bond given and ordering dissolution of the attachment upon the filing of the two bonds. The plaintiff alleged exceptions. In his bill, no evidence was reported and there was no statement of what occurred at the hearings on the matters above described. *Held,* that no error of law appeared.

While, generally, no inquiry is made into the merits of exceptions on a petition to establish them, the petition ought to be dismissed where it appears on its face that the alleged exceptions present no question of law of sufficient gravity properly to call for consideration by this court.

PETITION, filed in the Supreme Judicial Court for the Commonwealth on July 3, 1925, by the plaintiff in an action in the Superior Court for the county of Middlesex against Mary A. Harrington and others, for the establishment of

exceptions alleged to have been saved by the plaintiff at the hearing by *Morton*, J., of certain motions in that action.

*W. L. Scoville*, for the petitioner.

*J. E. Crowley*, for Mary A. Harrington and others, respondents.

RUGG, C.J. This is a petition to establish the truth of exceptions. The petitioner has filed a motion for the correction of the petition by substituting April 6, 1925, for May 6, 1925, as the date when the bill of exceptions was filed. It was agreed at the hearing that the fact was that the exceptions were filed on April 6, 1925. This motion relates to a mere clerical error and is allowed, although no amendment to a petition to establish the truth of exceptions is permissible. *Freedman, petitioner*, 222 Mass. 179, 181. *Barnett, petitioner*, 240 Mass. 228. *Reynolds, petitioner*, 253 Mass. 427.

The defendants have filed a motion to dismiss the petition, based on several grounds.

1. It is alleged in the petition that, after the exceptions were filed but before they were considered by the presiding judge, the defendants made a motion under G. L. c. 231, § 116, to dismiss the exceptions because they were immaterial, frivolous and intended for delay and without ground in law. That motion was "allowed" on May 29, 1925. From this the petitioner appealed. Later the exceptions were presented by the petitioner to the judge for action under G. L. c. 231, § 113. The matter came on for hearing on June 20, 1925, whereupon the judge wrote and signed on the exceptions, "Disallowed as of May 29, 1925, by reason of allowance of motion on said date." The adjudication under G. L. c. 231, § 116, that the exceptions were frivolous, might have been made before the bill as filed was considered as to its conformability to the truth under § 113, or even before the bill was filed. *Commonwealth* v. *Clifford*, 145 Mass. 97. The bill of exceptions related to an interlocutory matter and no judgment was entered. But we are of opinion that under § 116 such exceptions may be found and adjudged to be immaterial, frivolous and intended for delay. No appeal lies from such a finding or adjudication. *Williams* v. *Clarke*, 182 Mass. 316. *Keith* v. *Marcus*, 182 Mass. 320. Neverthe-

less, it was the duty of the judge to consider the exceptions and allow them if found conformable to the truth. The mere fact that the exceptions had been found and adjudged by him to be immaterial, frivolous and intended for delay, was no reason why the exceptions should not be allowed if otherwise proper in form and conformable to the truth. *Commonwealth* v. *Fleckner*, 167 Mass. 13.

2. The order of the judge on June 20, 1925, that the disallowance of the exceptions should be entered *nunc pro tunc* as of May 29, 1925, did not operate under the circumstances here disclosed to deprive the petitioner of his right to file a petition to establish the truth of his exceptions under G. L. c. 231, § 117, and Rule 6 of the full court. The entry of such an order would deprive the plaintiff without his fault of a right secured to him by statute to obtain review of the rulings of law made by the judge, an intention we should be loath to attribute to the Legislature without unequivocal statutory words. The authority to enter *nunc pro tunc* orders does not go to this extent. *Perkins* v. *Perkins*, 225 Mass. 392. G. L. c. 235, § 4.

3. The present petition was seasonably filed after June 20, 1925, when the order of disallowance of the exceptions was in fact entered.

4. The exceptions as set forth in the petition relate solely to divers orders respecting the attachment of the property of the defendants on the plaintiff's writ. It is provided by G. L. c. 223, § 114, that upon application in writing a judge of the court to which the writ is returnable may "upon a summary hearing of the parties," after a finding "that the attachment is excessive or unreasonable," reduce or dissolve the attachment. After due proceedings in accordance with the statute the attachment was reduced from $15,000 to $3,500. While, proceedings on the motion to reduce the attachment were pending but before the order reducing the attachment, the plaintiff gave a partial release of the attachment in return for a bond in proper form in the penal sum of $600 delivered to and retained by him, without approval of the surety on the bond as required by G. L. c. 223, §§ 120 *et seq.* Thereafter the defendants proffered a

bond in proper form with approved surety in the penal sum of $2,900. Then the defendants filed a motion reciting the attachment, its reduction, the delivery of the bond for $600, and the proffer of the bond for $2,900, and praying that the plaintiff be ordered to deliver to the clerk of courts the bond for $600, and that upon the filing of the bond for $2,900 the attachment be dissolved. An interlocutory decree thereupon was entered directing the plaintiff to file with the clerk of courts the bond for $600 and ordering the dissolution of the attachment upon the filing of the two bonds.

Plainly in all this there was no error of law. No evidence is reported and no narration of what occurred at the hearings. Every presumption of fact is to be made in favor of the action of the judge. Considerations of substantial justice support this conclusion. In principle the case is covered in every aspect by *Woogmaster* v. *Cutler*, 252 Mass. 376. See also, *Wall* v. *Kelly*, 209 Mass. 370, and *Richardson* v. *Greenhood*, 225 Mass. 608, 610. The rulings of law requested by the plaintiff were denied rightly. There is nothing at variance with this result in *O'Hare* v. *Downing*, 130 Mass. 16, *Central Mills Co.* v. *Stewart*, 133 Mass. 461, *Fogel* v. *Dussault*, 141 Mass. 154.

Generally no inquiry is made into the merits of exceptions on a petition to establish them; but where it appears on the face of the petition that the alleged exceptions present no question of law of sufficient gravity properly to call for consideration by the court, then the petition ought to be dismissed. *Bishop, petitioner*, 208 Mass. 405, 407. *Koch, petitioner*, 225 Mass. 148. *Barnett, petitioner*, 240 Mass. 228, 230. *Reynolds, petitioner, supra*. That principle is applicable to the present petition.

*Petition dismissed.*