JENNIE TOURLES, petitioner.
JENNIE TOURLES *vs.* JAMES BYRON.

Suffolk.    March 7, 1960. — July 20, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& CUTTER, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, contents of bill.
*Trespass. Conversion. Sale,* On execution.

On a petition to establish exceptions the bill must be considered in sub-
stantially its original form without material modification.    [307]

This court established exceptions on petition where the bill stated the
exceptions with reasonable clarity and contained sufficient facts to per-
mit a determination of their merits and there was no obscurity through
recitation of irrelevant evidence nor an undue amount of material in
question and answer form, although a commissioner had reported that
the bill as a whole was not in correct form and that to put it in correct
form would require "a virtual [entire] redraft."    [308]

If goods seized and sold on execution by a sheriff were converted by him,
the purchaser at the sale acquired no property in them and was guilty
of trespass and conversion upon entering the premises where the goods
were and taking them away.    [308]

PETITION filed in this court on November 20, 1958, to
establish exceptions in the following action.

TORT.    Writ in the Superior Court dated February 23,
1954.

The action was tried before *Swift,* J., who ordered ver-
dicts for the defendant.

*Sydney Berkman,* (*Reuben Goodman & Joseph Kruger*
with him,) for Jennie Tourles.

*James W. Kirk,* for Byron.

WILLIAMS, J.    This is a petition to establish exceptions
taken by the plaintiff at the trial of her action of tort for
trespass and conversion against James Byron.    The dec-
laration was in four counts of which count 1 alleged the
breaking and entering of the plaintiff's building in Fal-
mouth on or about September 3, 1953; count 2 the breaking
and entering of the same building on the following day;

count 3 the conversion of goods listed in an attached schedule designated ''A''; and count 4 the same conversion described in somewhat different terms.

The action was tried with that of the same plaintiff against Joseph R. Hall (*Tourles* v. *Hall, ante,* 299). The two cases arose out of the same transactions. There was evidence that on August 20, 1953, Hall, a deputy sheriff, levied on the alleged personal property of the plaintiff under an execution issued on a judgment obtained by the defendant against the husband of the plaintiff. The property seized, which consisted of the equipment and fixtures of a restaurant in Falmouth operated by the plaintiff, was sold at execution sale on September 3, 1953, and was purchased by the defendant for $1,000. It was removed and carried away by him on the same and the following day. He took other property from the premises which had not been sold by the deputy sheriff and removed certain portions of the equipment in a manner to cause unnecessary damage to the restaurant. The material evidence relating to the seizure and sale is stated in the opinion in *Tourles* v. *Hall* and need not be repeated. At the conclusion of the evidence the judge directed verdicts for the defendant on all counts subject to the plaintiff's exceptions.

The plaintiff's bill sets forth these exceptions and others saved at the trial to rulings upon evidence. On presentation of the bill to the judge the plaintiff was allowed to file a substitute bill. Such a bill was filed on July 25, 1957. There were various conferences in reference to the allowance of the substitute bill and the petitioner alleges ''that at the most recent conference, held October 31, 1958, with the said justice, he refused to allow or disallow your petitioner's exceptions.'' See G. L. c. 231, § 117. This petition was filed on November 20, 1958. It was referred by this court to a commissioner on January 6, 1959. The commissioner reported on October 30, 1959, that he had examined the transcript of the testimony, a voluminous list of objections to the substitute bill consisting of fifty-six separate items, and an equally voluminous reply to the objections. He said, ''I am constrained to find that the bill of

exceptions as filed does not conform to the truth and I find
that it should be corrected and revised, through the elimi-
nation of testimony set forth in question and answer form,
and otherwise, in order to have it comply in form and sub-
stance with the provisions of G. L. c. 231, § 113, and the
decisions of the court respecting bills of exceptions. The
corrections and revisions which I deem to be necessary
would involve a virtual redraft of the entire bill of excep-
tions so as to restate much of the evidence and so as to set
forth testimony in narrative form instead of verbatim. It
is contended by counsel for the petitioner that as commis-
sioner I have no power to rewrite or redraft the bill of
exceptions or to revise or modify it in any material way.
As I have doubts as to my power and authority to revise,
rewrite or modify the bill of exceptions, I submit my report
in this form, making the simple findings hereinabove set
forth.''

A petition to establish exceptions cannot be used as a
means of completely redrafting or remodelling the bill,
*Rines, petitioner,* 331 Mass. 714, 720, and this court has no
power to allow amendments. A petition to establish must
relate to the exceptions originally filed and disallowed in
whole or in part. *Squier* v. *Barnes,* 193 Mass. 21, 24. *Bar-
nett, petitioner,* 240 Mass. 228, 230. It was said in *Freed-
man, petitioner,* 222 Mass. 179, 181, ''While minor deficien-
cies may be made complete and comparatively insignificant
errors rectified, there can be no material modification of
the bill as presented. It must either be allowed or dis-
allowed in substantially that form. . . . If the bill of ex-
ceptions as filed, although setting out exceptions actually
taken, contains irrelevant and objectionable evidence of
such a character as to obscure the questions of law raised,
or is of wholly unnecessary bulk, or presents a picture
changed in color by the insertion of some evidence and the
omission of other evidence, then it is not a true bill of
exceptions and ought to be disallowed. A blending of ex-
ceptions with a mass of extraneous matter tending to give
an unnatural complexion to the case is not a true bill and
should not be established.''

Since the petition to establish is based on the failure of the trial judge either to allow or to disallow the plaintiff's bill (see *C. F. Hovey Co., petitioner,* 254 Mass. 551, 553), we have no statement or certificate by him as to reasons for disallowance. Nor does the commissioner report facts sufficient to enable us to make an ultimate finding. *Maguire, petitioner,* 340 Mass. 12, 14. We infer from his report that he did not intend to find that the exceptions were not properly saved or accurately stated but that the bill as a whole was not in correct form. See *Scano, petitioner,* 338 Mass. 7, 8.

An examination of the transcript of testimony leads us to hold that the bill should not be disallowed. Most of the exceptions relate to evidentiary rulings and are stated with reasonable clearness and brevity. They are not obscured by the recitation of irrelevant evidence nor burdened with undue quotations of question and answer. The bill is not greatly dissimilar from the one allowed in *Tourles* v. *Hall, supra.* It recites sufficient facts to enable this court to determine the validity of the main exceptions, namely, those to the direction of verdicts for the defendant. The exceptions are established.

It could not be ruled that there was no evidence for the jury. If it were found that the goods which the defendant purchased had been converted by the deputy sheriff, the defendant acquired no property in them, see *Champney* v. *Smith,* 15 Gray, 512; *Stanley* v. *Gaylord,* 1 Cush. 536, 546; *Empire Supply Co.* v. *McCann,* 127 Okla. 195, 196; *St. Louis & S. F. Ry.* v. *Lowder,* 138 Mo. 533, 538; Restatement: Torts, § 229, and in removing them trespassed on the property of the plaintiff and converted the goods which he took away. If he removed from the premises goods which had not been included in the sale he was likewise liable for trespass and conversion. The exceptions to the direction of verdicts for the defendant are sustained. It is unnecessary to pass upon the exceptions to rulings on evidence as it is unlikely that the questions involved will again be presented at a new trial.

*So ordered.*