*Municipal Court of the City of Boston*
No. 354166

## SEA STREET AUTO BODY, INC.

v.

## DOROTHY MULLIS

Argued: Oct. 4, 1974 - Decided: Nov. 7, 1974

*Present:* Lewiton, C.J., Canavan, Doerfer, JJ.
Case tried to *Umana, J.*

**Lewiton, C.J.** We are concerned here with a petition to establish a report in an action of contract and tort which was tried before a justice of this court. For reasons hereinafter stated, the petition is denied.

In the basic action, the present petitioner sued the owner of a motor vehicle and sought to recover in one count for the value of labor and materials allegedly furnished in repairs to the motor vehicle, and in a second count for the alleged conversion by the defendant-owner of the said vehicle on which the plaintiff claimed a garage-man's lien. After a trial on the merits, in the course of which no requests for rulings were submitted to the court, the trial justice found for the defendant on each count. Thereafter, the present petitioner filed a motion for a new trial, which was denied after a hearing. There were no requests for rulings in connection with the motion for new trial. The petitioner filed a claim of report and a draft report, seeking a review of the denial of its motion for a new trial.

The petition before us, which states that the draft report was "denied and disallowed by . . . [the trial justice] on the grounds that no question of law was to be presented to the Appellate Division for consideration" is deficient in many respects. For one thing, it does not contain, or have attached to it, a copy of the draft report which was submitted to the trial justice. As in the case of a petition to

establish a bill of exceptions, to which these proceedings are similar, *DuBois* v. *Boston & Maine RR.*, 315 Mass. 758; *Lasell* v. *Director of Div. of Emp. Security*, 325 Mass. 23, 25, the draft report originally filed in the trial court is the only one which we would in any event have the power to establish. *Cf. Tourles, Petitioner*, 341 Mass. 305, 307. *Graustein, Petitioner*, 304 Mass. 679. *Barnett, Petitioner*, 240 Mass. 228, 230. *Freedman, Petitioner*, 222 Mass. 179, 181.

While the petition here purports to set forth a summary of the evidence presented in the trial court and a description of some of the proceedings therein,[1] it is not our function to attempt to construct therefrom a report of questions of law for review by this Appellate Division. See *In re Tourles*, 341 Mass. 305, 307. Moreover, the petition before us is deficient in that it contains no affidavit verifying that such draft report, as distinguished from the petition to establish, contains all of the relevant evidence and proceedings, and is conformable to the truth. *Lasell* v. *Director of*

---

[1] The petitioner, having omitted from the petition a copy of the trial justice's certificate disallowing the draft report, filed a motion to amend the petition by adding the certificate to it. This motion is "unwarranted in law and cannot be allowed or considered" by us (see *Barnett, Petitioner*, 240 Mass. 228, 230), even apart from the fact that the motion was filed after the expiration of the period within which a petition to establish a report may be filed (G.L. c. 231, § 108; Rule 32 of the Municipal Court of the City of Boston.)

*Emp. Security,* 325 Mass. 23, 26; *DuBois* v. *Boston & Maine RR.,* 315 Mass. 758; *Cook* v. *Koslowski,* 351 Mass. 708.

Apart from the aforementioned specific deficiencies in the petition to establish, it must be denied for the fundamental reason that it discloses no question of law which would be presented for review even if we were to establish a report as urged by the petitioner. *Cook* v. *Kozlowski,* 351 Mass. 708. *Henry L. Sawyer Co.* v. *Boyajian,* 298 Mass. 415, 417. *Cf. Scano, Petitioner,* 338 Mass. 7, 8. *Allen, Petitioner,* 319 Mass. 725. *White, Petitioner.* 304 Mass. 677. Since the reported evidence would not have required, as a matter of law, findings that the defendant in this action had ever authorized the plaintiff to repair the motor vehicle, or that any materials or labor of any value were in fact furnished by the plaintiff to the defendant or her motor vehicle, or that the plaintiff had a garage-man's lien, the findings for the defendant by the trial judge in the original action do not rise to the level of rulings of law. It is elementary that reviews by the Appellate Division are limited to rulings of law, and that we have no authority to review the bare findings of fact made here by the trial judge. *Butler* v. *Cromartie,* 339 Mass. 4, 6. *Perry* v. *Hanover,* 314 Mass. 167, 169.

The petitioner's motion for a new trial was addressed to the sound discretion of the trial

justice, and his action thereon must stand unless such denial be shown to have been an abuse of discretion on his part. *Skudris* v. *Williams,* 287 Mass. 568, 570-571. *O'Neill* v. *Small,* 268 Mass. 305, 310. *White, Petitioner,* 304 Mass. 677. There is nothing set forth in the petition before us which would furnish any basis whatever for concluding that there was such an abuse of discretion in this instance.

**Petition denied.**

LEO E. DORFMAN
for the Petitioner