*Northern Division*

No. 8340

## GLENN E. OVERSTREET Et Al

v.

## JACK V. CHAMBERS Et Al

Argued: June 19, 1975. Decided: September 3, 1975

Case tried to *Doyle, J.* in the District Court of Southern Middlesex. Number: C16074.

Present: Flynn, J. (Presiding), Forte, J.

Counsel for Defendant: Sheridan & Randall, Framingham, Mass.

**Flynn, J.** This is a petition by the defendant to establish a report. The case was tried on May 25, 1972. On June 22, 1972, the trial justice filed his rulings of law, findings of fact and his decision in favor of the plaintiff. Notices were sent to counsel on that same day. The defendants filed a draft report in lieu of a claim of report on June 30, 1972. Said report was date stamped received by the Clerk's Office as of that date but was never docketed.

Judgment entered on July 7, 1972. Thereafter, a series of hearings were held which culminated in the trial justice filing a report of case under G.L. c. 231, §108 to this Division, which dismissed the report on January 18, 1974 (case #8060 of the Appellate Division of the Northern District) on the grounds that when the case went to judgment the Appellate Division lacked the power to take any action with respect to the judgment other than to correct mere clerical errors.

Thereupon, on January 28, 1974 the defendants filed a motion to vacate judgment and supercede execution and a motion for a new trial which motions were

denied on August 14, 1974. The defendants then claimed a report on the said denials and filed a draft report on August 26, 1974 and a hearing was held on same on October 23, 1974. The defendants on November 22, 1974 filed an amended draft report on which a hearing was held on January 8, 1975. A second amended draft report which was filed on January 20, 1975 was disallowed on February 14, 1975. The trial justice in his disallowance stated that the court had no jurisdiction pursuant to the decision of the Appellate Division in case #8060 in that he did not find as a fact that the docket entries were incorrect and the filing of a draft report (in lieu of a claim of report) operated to stay the entry of judgment. The defendants now seek to establish their second amended report.

The petition to establish must be denied. The first draft report which was filed with the court on August 26, 1974 is the only report which this Division has the power to establish. An appellant cannot maintain a petition to establish an amended or a substituted report. See: *Street Auto Body, Inc. v. Mullis,* a 1975 case *Appellate Division Municipal Court City of Boston,* 26 Legalite 68 and Reporter's Note. *Tourles, Petitioner,* 341 Mass. 305, 307. *Barnett, Petitioner,* 240 Mass. 228, 230. *Weinberg v. Leyton School of Dental Lab. Tech.,* 6 Mass. Appellate Decision 89.

Moreover, even if this Division did have the power to establish, we fail to see any questions of law presented. The petition states that the justice found that his original findings, rulings and decision had been originally received by counsel on June 23, 1972 and, allowing for a Sunday not to be included in the computation of time, the claim of report or a draft

report in lieu of such claim should have been filed in the court not later than June 29, 1972. Therefore, the defendant by filing his draft report on June 30, 1972 failed to comply not only with Rule 27, of the District Courts, which require that a request for report must be filed within five days after the notice of finding or decision but also with G.L. c. 231 §108 which contains a similar requirement.

Though the trial justice's action was designated as a "disallowance" it was in effect a "dismissal" of the defendant's report for failure to comply with the statute and rule. Because compliance with the five day provisions relative to requesting a report is *strictissimi juris,* the justice, having found noncompliance with the said provision, could not have allowed a report in any event.[1]

In view of the foregoing, we deem it unnecessary to decide whether defendants' "motion to vacate judgment and supercede execution" was proper nor whether the defendant complied with Rule 30 of the Rules of the District Courts by setting forth in full his claim for a report in his petition to establish. It would appear that there are sufficient grounds to rule against the defendants in both of these areas. **Petition denied.**

---

[1] Massachusetts Drug Co. v. A. P. Bencks, 256 Mass. 535, 536.