Herman ZUCKERMAN
v.
**AETNA LIFE and**
**CASUALTY COMPANY**

**No. 290**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts
**March 20, 1981**

[1]1979 Mass. App. Dec. 265

James Kessler for the plaintiff.
Carl J. Amento for the defendant.

## OPINION

GREENBERG, J. This appeal raises procedural questions as to the appropriate method pursuant to Mass. R. of Civ. P. 64 (c) (4) for the allowance or disallowance of draft reports. Plaintiff was insured by the defendent under the terms of a general liability policy. On June 11, 1975 a federal law suit commenced in the State of Vermont named the plaintiff as a defendant in a cause of action arising out of a failed real estate transaction. Summarily stated, the record discloses that plaintiff, acting as a real estate salesperson in Vermont, filed a complaint against his former corporate employer and one of its principal officers with the Vermont Real Estate Commission. In his complaint he alleged certain conduct violative of regulations, which could result in disciplinary action against his employer. The Commission found that the evidence did not adequately support his charges and declined to take any action at that time. Thereafter his employer commenced the action noted above in the Vermont Federal District Court alleging, inter alia, that plaintiff's conduct was maliciously intended to obtain money from them under threat of instituting action of a penal nature against them. On being served with the summons and complaint, the plaintiff forwarded the process to the defendant, his insurer, and requested that it assume its obligations to defend the action. Shortly thereafter, with a complete reservation of rights, the defendant filed an appearance on behalf of the plaintiff in the federal action. In its reservation letter to plaintiff defendant took the position that the federal lawsuit did not allege a cause of action sounding in malicious prosecution; e.g., the complaint did not initially allege the unfavorable resolution of plaintiff's complaint before the real estate Commission. It remains unclear whether the plaintiff had, in fact, sent copies of the papers pertaining to the Commission's complaint and its decision denying him relief to the defendant insurer. Eventually, after several months the defendant did undertake to fully defend the plaintiff.

Plaintiff in this action sought reimbursement for $2,082.88 in legal expenses incurred prior to the defendant's involvement in the Vermont suit, during which time his personal attorney provided defense services. On October 12, 1979 the trial judge conducted a hearing on defendant's motion for summary judgment pursuant to Mass. R. Civ. P. 56. He granted judgment in favor of the defendant. In his allowance of defendant's motion for summary judgment he noted that. . . ."as facts stated in Vermont complaint were not reasonably susceptible to an interpretation that a cause of action would be, as there were no allegations that the defendant (i.e., the plaintiff in this appeal) in said matter ever commenced an action against plaintiff in said action."

On October 16, 1979 the plaintiff seasonable submitted a proposed draft report request pursuant to Mass. R. Civ. P. 64(c) (1) (ii). On October 22, 1979 a hearing was held by the trial judge to settle the report. The proposed report as submitted by the plaintiff contained a paragraph wherein he attempted to have the trial judge include a factual finding that he had forwarded the Vermont summons and complaint to the defendant

on June 20, 1975, **along with copies of a complaint lodged against Mr. Patton** (one of the Vermont parties) **by the plaintiff before the Vermont Real Estate Commission** (emphasis added). Plaintiff was attempting to establish a record of facts, an interpretation of which, would lead to the conclusion that the defendant reasonably should have anticipated his exposure to a malicious prosecution suit in the event his allegations were not believed by the Commission.

On October 24, 1979 the judge issued an order settling the final report, eliminating this reference from plaintiff's proposed draft form as not comformable to facts before him. The record indicates that a final draft report was to be submitted for the judge's signature pursuant to this order.

At this juncture, on October 29, 1979, another hearing was held by the trial judge on plaintiff's motion for re-hearing of summary judgment, motion for leave to extend time for filing requests for report and motion for special leave to present rulings. The record does not contain sufficient information for this court to determine whether plaintiff agreed to excise the unsettled portion of the draft report or not. In any event, on November 6, 1979 the trial judge revoked his previous order settling the draft report and disallowed the draft as submitted on October 16, 1979 as not conforming to the facts pursuant to Mass. R. Civ. P. 64 (c) (4). Responding to his inquiry, the trial judge, by letter dated December 21, 1979, informed the plaintiff, in essence, that his failure to file a petition to establish the report pursuant to Mass. R. Civ. P. Rule 64(e) within the requisite period, foreclosed his taking any further action on the filing of the amended draft report, because it was superfluous.

On the face of the pleadings it appears that the plaintiff failed to file within five days from the trial judge's disallowance, a petition to establish a report (see Mass. R. Civ. P. 64 (e)). A petition to establish a report is different from its "dismissal" and the procedure to preserve appellant's rights is distinct. The "disallowance" must be followed by a "petition to establish the draft report," while a "dismissal" requires a "request for a report" and the filing of a draft report which recites facts concerning the basis for the dismissal. **Overstreet v. Chambers,** 56 Mass. App. Dec. 145 (1975). The trial justice's action was designated as a "disallowance," but it was in effect a "dismissal" of the defendant's report for failure to comply with the rules.

Defendant contends that plaintiff's attempt to file an amended draft report in December does not conform to the requirements of Mass. R. Civ. P. 65(c) (1) (ii), providing that draft reports must be filed within ten days after the entry of judgment. Plaintiff asserts that under Mass. R. Civ. P. 64(c) (4) the trial judge may not amend his report until notice and hearing are seasonably given to the parties.

The plaintiff, as noted above, seasonably filed his draft report request within ten days after entry of judgment. The problem in this appeal arises thereafter. After October 29, 1979, when the trial judge settled the report and requested the plaintiff to submit it for his signature, plaintiff filed several motions. On October 30, 1979 the plaintiff requested a re-hearing on the defendant's motion for summary judgment and sought leave to extend time for filing requests for reports, all of which were denied by the trial judge. Contemporaneously, the trial judge revoked his previous order settling the report and disallowed it without giving further instructions.

It is clear that plaintiff contends that this action of the trial judge constituted an amendment to his report without notice or hearing, and is inapposite to what occurred. Obviously, the trial judge never allowed a report as settled, which would have been subject to the

amendment provisions stated in the last sentence of Mass. R. Civ. P. 64(c).

We hold that there was prejudicial error as of October 30, 1979 when the plaintiff's request for the report was disallowed. The applicable portions of Mass. R. Civ. P. 64(c) state as follows:

> "The Justice shall, with reasonable dispatch, and after a hearing, if one has been held, either settle the form of his report, or disallow the request for a report. **He may order the party requesting the report to prepare a copy of the same as settled in form similar to said draft model and submit the same to him for formal allowance within such time as he may fix** (emphasis added), **and failure to comply with this order shall be sufficient ground for disallowing the request for a report.**"

The order of the trial judge as of October 30, 1979 disallowing the report as previously settled, should have contained a provision pursuant to Mass. R. Civ. P. 64(c) giving plaintiff notice that he might submit said report to him, eliminating the disputed portion, within a specified time, or in the alternative, that it would be plaintiff's responsibility to file a petition to establish the report. As it was, the plaintiff's inaction was excusable, given the circumstances surrounding the disallowance.

In view of the foregoing, we deem it unnecessary to decide whether plaintiff's amended draft report was properly filed. It would appear that there are sufficient grounds to rule that the trial judge's order of October 30, 1979 deprived the plaintiff of the opportunity to re-submit the amended draft report for his signature.

It is hereby ordered and adjudged that the order of the trial judge disallowing the amended report be vacated, and that it be remanded for that purpose.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Report from the Northampton Division and,

It is hereby

**ORDERED:** That the Clerk of the Northampton Division make the following entry in said case on the docket of said Court, namely: The disallowance of the amended report is vacated and the cause is remanded to the Northampton Division for that purpose and further proceedings.

Mel J. Greenberg
William T. Walsh
Allan McGuane
Justices