Tierney, C. J.
This is a petition to establish a report, filed pursuant to the provisions of District/Municipal Courts Rules of Civil Procedure, Rule 64(e).
In the original action, the present petitioner as plaintiff sought to recover a broker’s commission from the defendants, James Koshivos, Anthony Koshivos, doing business as Open Hearth Restaurant, Ltd., and Open Hearth Restaurant Ltd. jointly and severally. In addition, plaintiff also sought damages from the defendant Atha Piacopoulos for breach of a listing agreement. After trial, the court entered a finding for the defendants. Thereafter, the plaintiff filed a draft report which was disallowed by the court for failing to conform to the facts. Plaintiff now seeks to establish its report.
As in the case of a petition to establish a bill of exceptions to which these proceedings are similar, DuBois v. Boston & Maine RR., 316 Mass. 785 (1944); Lasell v. Director of Division of Employment Security, 325 Mass. 23, 25(1949); the draft report originally filed in the trial court is the only one which we would in any event have the power to establish. Cf. Tourles, Petitioner, 341 Mass. 305, 307 (1960); Graustein, Petitioner, 304 Mass. 679 (1939); Barnett, Petitioner, 240 Mass. 228, 230; Freedman, Petitioner, 222 Mass. 179, 181 (1915). While the petition here purports to set forth a summary of the evidence presented in the trial court and a description of some of the proceedings therein, it is not our function to attempt to construct therefrom a report of questions of law for review by this Appellate Division. See In re Tourles, supra, 341 Mass. at 307.
While cognizant of the fact that the rule does not require us to review the recordation of the trial, nor did either counsel avail themselves of the opportunity to do so, this court has nevertheless reviewed the judge’s notes, heard oral argument, questioned the attorneys, and caused the recordation of the trial to be played. Upon doing so, we are satisfied that the trial judge was correct in his finding that the draft report conforms to neither the truth nor the evidence as it was presented at trial.
A petition to establish a report must contain an unequivocable allegation, supported by an unequivocable affidavit that it [the petition to establish the report] conforms to the truth, and an affidavit that said petition is true to the affiant’s knowledge and belief is insufficient. Parkway Imports, Inc. v. Askinos, *111 37 Mass. App. Dec. 200, 202 (1967), Cook v. Kozlowski, 351 Mass. 708 (1967). The affidavit submitted by the plaintiff s attorney in the case at bar states that each and every averment of his affidavit is true of his own personal knowledge.[2] This affidavit clearly cannot be considered as a verification of the truthfulness of the contents of the draft report. See Worcester County National Bank v. Brogna, 386 Mass. 1001 (1982). The Appellate Division, therefore, concludes that said affidavit is insufficient, and is wholly.inadequate to sustain the plaintiffs petition to establish the report.
Petition to Establish Report is Denied.

 The affidavit states as follows: “Now comes Auranam iNewman, Having first been duly sworn, and of his own personal knowledge, deposes and says that he has read the averments of this affidavit and each and every averment is true of his own personal knowledge.”