# RESCRIPT OPINIONS.

IN THE MATTER OF ROY FRANK KIPP.  February 18, 1981.  This is an appeal from an order of a single justice removing Roy Frank Kipp from the office of attorney at law in the courts of this Commonwealth.  Kipp makes essentially four arguments on appeal.  He claims (1) that the disciplinary proceedings denied him due process because he was required to proceed without counsel at a time when he was ill, disabled or incompetent; (2) that he was entitled to a trial de novo; (3) that the Board of Bar Overseers (board) lacked jurisdiction over some of the complaints due to their staleness; and (4) that there is insufficient evidence of misconduct as an attorney which would warrant disbarment.  We affirm the judgment disbarring Kipp.

1.  After hearing, we remanded the matter to the single justice for resolution of the following questions:  (1) whether respondent at all times during the course of the 1977 disciplinary proceedings has been mentally competent to conduct his defense; and (2) whether respondent is presently incapacitated from continuing the practice of law by reason of mental infirmity.  By agreement of the parties a psychiatrist was appointed to examine Kipp.  After the report was filed, the single justice held a hearing at which the doctor and Kipp testified.  Based on the psychiatrist's report and his testimony, the single justice found as fact that during the disciplinary proceedings Kipp was not suffering "from any mental illness, defect or infirmity."  Kipp's failure to act "with his usual prudent sense and ability . . . was not the result of any lack of mental competence."  The single justice concluded that Kipp "was mentally competent to conduct his defense at all times during the course of the 1977 disciplinary proceedings against him."[1]  No appeal was taken by Kipp from the findings and conclusions of the single justice on the remanded questions.[2]

Kipp's claim that the hearings denied him due process because he was mentally ill must fail in the face of the findings and conclusions of the

[1] He also concluded that Kipp is "not presently incapacitated."  Moreover, the record does not reflect a long history of mental problems prior to the disciplinary hearing.

[2] In the order of remand, we said that "[s]ince none of the legal issues raised by Kipp on this appeal have been reached or decided by us, Kipp's appellate rights with respect thereto are preserved and may be raised in any future appeal taken after further proceedings consistent with this order have been concluded."

single justice. The report of the psychiatrist and his testimony amply support the judge's findings and conclusions on that issue. Thus, we need not reach Kipp's claims that his mental illness required the hearing committee to appoint counsel for him. That claim also fails in the psychiatric evidence that Kipp was not suffering from a mental defect or infirmity.

2. Kipp claims that the single justice was required to hold a de novo hearing. He suggests that since his case was pending before the single justice at the time we amended rule 4:01, § 8 (3), as amended, 376 Mass. 941 (1978), by adding a sentence to the effect that the board's findings of facts shall be upheld if supported by substantial evidence, the rule as amended should not apply to his case. We find no merit in this contention. Although a single justice may hold a de novo hearing, the more appropriate procedure is for the judge to accept the board's findings of facts, which he determines are based on substantial evidence and to draw conclusions based on those findings. The judge may, of course, accept evidence in mitigation, and in exceptional circumstances hear the matter de novo.

3. Kipp claims that four counts of the information allege misconduct which occurred more than six years prior to the date of the board's complaint, and that the board therefore lacked jurisdiction. The short answer is that for the most part the complaints were timely prosecuted after discovery. Cf. *Franklin* v. *Albert*, 381 Mass. 611, 612 (1980). Moreover, the evidence of older transactions is admissible to show that more current claims are not isolated incidents but part of a pattern of improper behavior.

4. Kipp claims that the evidence was insufficient to show that he had an attorney-client relationship with the complainants, and that he intended to defraud them. The hearing committee found to the contrary and those findings are supported by the evidence. There is no error.

For the reasons stated, the order removing Roy Frank Kipp from the office of attorney at law in the courts of the Commonwealth is affirmed.

*So ordered.*

The case was submitted on briefs.

*Richard J. Vita* for Roy Frank Kipp.

*Robert J. DeGiacomo*, Bar Counsel, & *Daniel Klubock*, Assistant Bar Counsel.