# RESCRIPT OPINIONS.

IN THE MATTER OF GEORGE M. ABAGIS. May 27, 1982. Abagis appeals from a judgment of disbarment. He contends that the complaint that initiated the disciplinary proceedings before the Board of Bar Overseers (Board) was not timely filed in accordance with the Board's rules. He concludes, without citation of authority, that disbarment in this circumstance violates his rights under the United States Constitution. We affirm the judgment of disbarment.

Section 1.10 of the Rules of the Board of Bar Overseers, as amended (1978), entitled "Stale Matters," provides, in pertinent part, that "[e]xcept where the Bar Counsel or the Board determines otherwise for good cause, the Bar Counsel or the Board shall not entertain any complaint . . . arising out of acts or omissions occurring more than six years prior to the date of the complaint."

The acts or omissions complained of occurred in 1966. The Board found that a complaint was sent to the Middlesex County Bar Association in November, 1969, that that Bar Association refused jurisdiction as long as civil litigation was pending, and that after the litigation was dismissed a complaint was filed with the Board in 1975.[1] The Board concluded that the 1975 complaint was timely, and went forward with disciplinary proceedings, implicitly finding "good cause" to proceed.

The Board's conclusion as to timeliness was warranted by its subsidiary findings. Abagis did not contend before the single justice, and does not argue here, that the subsidiary findings were not warranted by substantial evidence before the Board's hearing committee. Since Abagis has failed to establish the foundation upon which his constitutional argument is predicated (lack of timeliness), his constitutional argument also fails.

*Judgment affirmed.*

The case was submitted on briefs.
*George M. Abagis*, pro se.
*Daniel Klubock*, Bar Counsel.

---

[1] The Board of Bar Overseers came into existence on September 1, 1974. S.J.C. Rule 4:01, as then amended, 365 Mass. 695 (1974).