**CITY OF WALTHAM, Plaintiff**
vs.
**George MISSEL, Defendant**
and
**Solomon A. KLEIN and**
**TUKAY FUR SERVICE CO., INC.,**
**Defendants, Third-Party Plaintiffs**
vs.
**INSURANCE COMPANY OF NORTH**
**AMERICA AND FIREMAN'S FUND**
**INSURANCE COMPANY,**
**Third-Party Defendants**

**No. 76-2755**

Superior Court/Middlesex, ss
Commonwealth of Massachusetts

**March 11, 1983**

**Robert J. Brothy, Asst. City Sol.,** counsel for plaintiff.
**John Bernstein, and Carl G. Bergstedt,** counsel for defendant.

## MEMORANDUM ON CROSS MOTIONS FOR SUMMARY JUDGMENT

While this court has carefully reviewed all the moving papers and supporting materials submitted with the various motions for summary judgment, and has given them full weight herein, this case can be determined simply by a review of the docket entries and the joint description of the case entered into by the parties when seeking special assignment pursuant to standing order no. 14-80. From these materials, the following facts appear entirely undisputed.

This action stems from the bursting of a pipe on August 3, 1967, in the basement of premises owned by Solomon A. Klein ("Klein"). Located in the basement on that date was a cold fur storage vault and a process or workroom. The vault and the workroom were used by Tukay Fur Service Co., Inc., ("Tukay") in the conduct of its business as a furrier. Klein is the president of Tukay and was the manager of its business.

The premises had originally been owned by M. and J. Realty Co. and it was during their ownership that the vault was constructed. At that time George Missel ("Missel") was an officer in M. and J. Realty Co. That company, a Massachusetts corporation, is now defunct.

As a result of the bursting of the pipe, the basement of the premises was flooded with water. The vault and workroom were also flooded. The flooding caused irreparable harm to furs stored in the vault or in the process or workroom. In addition, the flooding adversely affected the business of Tukay and damaged the building.

Many, if not most, of the furs were held by Tukay as bailee. Insurance Company of North America ("INA") had issued a special fur carrier's policy covering the furs stored with Tukay. Fireman's Fund Insurance Company ("Fireman's") had issued to Klein a policy covering damage to personal property. INA paid benefits to the bailors or owners of the furs on account of the damages suffered by them pursuant to its fur carrier's policy. Fireman's paid to Klein the personal property damage suffered by him. Tukay and Klein instituted suit against the City of Waltham ("Waltham") alleging that it had negligently maintained the pipe that burst. Suits were also instituted by owners of the furs against Waltham and, in those actions, Klein and Tukay were joined as

parties defendant. All these actions were consolidated and tried simultaneously, first before an auditor and then to a jury.

The auditor found Waltham to have negligently maintained the pipe that burst. He found no negligence on the part of Klein or Tukay as to the installation or maintenance of the pipe. Upon the auditor's findings, the jury found for Tukay and Klein as plaintiffs and also for the bailors and owners of the furs. Total judgments paid by Waltham were $1,100,000.00.

The present action for contribution under G. L. c.231B was commenced by Waltham within one year of its satisfaction of the judgments against it, which judgments were satisfied in full on or about August 1, 1975. This contribution action was first brought against Missel alleging that he was negligent in his capacity as an officer of the corporate owner which had owned the premises at the time the vault had been constructed. Thereafter, Waltham joined Klein and Tukay as parties defendant alleging negligence on the part of Tukay as a corporation and negligence on the part of Klein as both an individual and an officer of Tukay. As to all three defendants, Waltham alleged that their negligence was a contributing factor to the damage occasioned by the bursting of the pipe.

Klein and Tukay joined INA and Fireman's alleging that, in the event either or both might be held accountable for contribution, one or both of the insurance companies owed a duty of indemnity to them.

This court is thus presented with a case wherein Klein and Tukay, having sued Waltham for its negligence and prevailed, are now faced with a suit by Waltham alleging that either or both of them were joint tortfeasors with it in causing the damage which gave rise to their earlier victory. Essentially, Waltham's present suit alleges not only that Klein and Tukay were joint tortfeasors with it in causing injury to the fur owners and bailors, but also that Klein and Tukay were contributorily negligent in the matter of their own injury. Had they been contributorily negligent, of course, as the law stood in 1967, they would have been denied all recovery. Therefore, it may be reasoned that the issue of their contributory negligence or the absence thereof is a necessary element which must have been determined in the initial lawsuit and cannot be re-litigated here. See **Maher v. General Motors Corp.,** 370 Mass. 231, 234 (1976) (Reardon, J.).

Even if not strictly necessary to the determination of that lawsuit, however, it is a matter which might have been determined in that lawsuit between the same parties and thus Waltham is precluded from litigating here the issue which ought have been disposed of in the first suit. "The general rule of **res judicata** applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound '**not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.**'" **Commissioner of Internal Revenue v. Sunnen,** 333 U.S. 591, 597 (1948), quoting from **Cromwell v. County of Sac,** 94 U.S. 351, 352 (1876) (emphasis supplied). This has long been the law in Massachusetts. "A former judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action for the same cause of action, between the same parties. **The parties are concluded by the judgment, not only upon all the issues which were actually tried, but upon all issues which might have been tried in the former action; so that a new action for the same cause of action, between the same parties, cannot be maintained or defended on grounds which might have been tried and determined in the former action.**" Foye v.

Patch, 132 Mass. 105, 110 (1882) (emphasis supplied). **Newburyport Institution for Savings v. Puffer,** 201 Mass. 41, 46 (1909). **Old Dominion Copper Mining & Smelting Co. v. Bigelow,** 203 Mass. 159, 217-218 (1909). **Hopkins v. Treasurer & Receiver General,** 276 Mass. 502 (1931). **Knowlton v. Swampscott,** 280 Mass. 69, 73. **Cleaveland v. Malden Sav. Bank,** 291 Mass. 295, 298. **Willett v. Webster,** 337 Mass. 98, 102 (1958). **Ratner v. Rockwood Sprinkler Co.,** 340 Mass. 773, 775-776 (1960). It remains the law today. **M.H. Gordon & Son, Inc., v. Alcoholic Beverages Control Commission,** 386 Mass. 64, 70 (1982). As to Klein and Tukay, therefore, the failure to adjudicate their contributory negligence, on whatever factual basis, in the first action operates as a bar to the litigation of that issue in the present action. This is, in effect, impermissible claim splitting. Compare **Bradford v. Richards,** Mass. App. Ct. Adv. Sh. (1981) 647. **Smith v. Caggiano,** Mass. App. Ct. Adv. Sh. (1981) 1101, 1106-1107.

This leaves Missel who, not having been a party to the first series of cases, gains no benefits in this contribution action from matters determined therein. It is clear beyond dispute that the bursting of the pipe and consequent flooding took place on August 3, 1967, and that the vault and storage area alleged to have been negligently constructed and installed was in place on that day. The present action was not commenced until 1976 and Missel (and the other defendants, for that matter, should an alternative holding be necessary) has the benefit of G.L. c.260, sec. 2B, which provides that claims arising out of alleged deficiencies or neglect in the design, planning, construction or general administration of improvements to real estate shall be commenced only within three years (two years prior to 1973- see St. 1973, c.777) after the cause of action accrues; "provided, however, that in no event shall such actions be commenced more than six years after the performance or furnishing of such design, planning, construction or general administration." The quoted statutory language constitutes a statute of repose which precludes recovery against those within its protection for any injury which occurs more than six years after the performance or furnishing of the design, planning, construction or general administration of an improvement to real property and "completely eliminates a cause of action against certain persons". **Klein v. Catalano,** 368 Mass. 701, 702 (1982). Nor is there any genuine issue but that all the defendants here fall within the class of persons protected by the statute. As construed by the Supreme Judicial Court, G.L. c.260, sec. 2B, "has the effect of granting immunity from suit (not) only to architects, engineers, contractors, . . . (but also to) others involved in the design, planning, construction or general administration of improvements to real property." **Klein v. Catalano, supra** at 715.[1] Accord, **Kings' Department Stores, Inc. v. Poley-Abrams Corp.,** 386 Mass. 1001, 1008-1009 (1982) ("G.L. c.260, s. 2B, bars the plaintiff's action against those who participated in the design, planning, construction or general administration of the building").

For these reasons, summary judgment for Missel, Klein and Tukay is appropriate. The entry of such judgment moots the third-party claims against INA and Fireman's and they are appropriately dismissed on this ground.

By the Court,

**William G. Young
Justice of the Superior Court**
**March 11, 1983**

---

[1] The Supreme Judicial Court also notes that the statute does not reach suppliers, owners, tenants, and others in possession or control The gravamen of the allegations in this case, however, impune all three defendants in the manner of their involvement in the construction of an improvement to real property (protected activity) and do not involve their conduct as owners or tenants (unprotected activity)