IN THE MATTER OF PETER E. KNOX.

Suffolk. April 9, 1992. - May 5, 1992.

Present: WILKINS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Attorney at Law*, Disciplinary proceeding, Suspension.

An attorney who received a suspended sentence of imprisonment and a
term of probation after pleading guilty to felony charges in a United
States Distict Court was to be suspended from the practice of law
through the period of his probation. [570-572]

INFORMATION filed in the Supreme Judicial Court for the
county of Suffolk on March 29, 1991.

The case was reported by *Abrams*, J.

*John C. Donohoe, Jr.*, for the respondent.

*Terence M. Troyer*, Assistant Bar Counsel.

NOLAN, J. A single justice of this court reserved and re-
ported the question of the proper sanction to be imposed on
Peter E. Knox (attorney), who has been convicted of felonies
but who offers mitigating evidence. The Board of Bar Over-
seers (board) and Bar Counsel recommended that he be sus-
pended from practice for the period of his suspended sen-
tence and probation. We agree.

The indictments to which the attorney pleaded guilty in
the United States District Court for the District of Massa-
chusetts charged one count of conspiracy and four counts of
structuring currency violations, so-called "money launder-
ing." He was sentenced to a two-year suspended term of im-
prisonment and placed on probation for a term of three
years. He used his client trust accounts to conceal large
amounts of cash, knowing that he was assisting in the con-
cealment of illegal drug profits. He was unaware that the
money was provided by government agents in a "sting" oper-

ation. Knox was addicted to cocaine at the time; his cocaine use cost approximately $600-$700 every week. In mitigation, he has taken steps to end his addiction, and he had been "clean and sober" for almost two years at the time of the hearing before the board.

The ultimate consideration in all bar discipline cases is the public welfare. *Matter of Keenan*, 314 Mass. 544, 547 (1943). The sanction for misconduct of an attorney shall not be "markedly disparate from those ordinarily entered by the various single justices in similar cases." *Matter of Alter*, 389 Mass. 153, 156 (1983). Bar counsel has pointed out in his brief that, since our decision in *Matter of Alter*, fifty-five attorneys have appeared before single justices of this court following felony convictions. The sanctions have been as follows: Twenty-nine have been disbarred;[1] ten resigned from the bar[2] (nine explicitly in lieu of disbarment); six have been

---

[1]See *Matter of Casson*, S.J.C. No. 88-16BD (Dec. 4, 1991), *S.C., post* 1007 (1992); *Matter of Rogers*, S.J.C. No. 91-9BD (Sept. 26, 1991); *Matter of Cohen*, S.J.C. No. 90-41BD (Sept. 11, 1991); *Matter of Pauling*, S.J.C. No. 89-12BD (Feb. 21, 1991); *Matter of Cintolo*, 6 Mass. Att'y Discipline Rep. 54 (1990); *Matter of Engleman*, 6 Mass. Att'y Discipline Rep. 106 (1989); *Matter of Orlandella*, 6 Mass. Att'y Discipline Rep. 245 (1989); *Matter of Levin*, 6 Mass. Att'y Discipline Rep. 199 (1989); *Matter of Vozekas*, 5 Mass. Att'y Discipline Rep. 384 (1988); *Matter of Twomey*, 5 Mass. Att'y Discipline Rep. 382 (1988); *Matter of Zisk*, 5 Mass. Att'y Discipline Rep. 400 (1988); *Matter of Olson*, 5 Mass. Att'y Discipline Rep. 283 (1988); *Matter of Ross*, 5 Mass. Att'y Discipline Rep. 330 (1988); *Matter of Krowen*, 5 Mass. Att'y Discipline Rep. 202 (1987); *Matter of Norton*, 5 Mass. Att'y Discipline Rep. 272 (1987); *Matter of Deery*, 5 Mass. Att'y Discipline Rep. 92 (1986); *Matter of Macarelli*, 4 Mass. Att'y Discipline Rep. 72 (1985); *Matter of Dziurgot*, 4 Mass. Att'y Discipline Rep. 34 (1985); *Matter of Ward*, 4 Mass. Att'y Discipline Rep. 149 (1985); *Matter of Scott*, 4 Mass. Att'y Discipline Rep. 119 (1985); *Matter of Moriarty*, 4 Mass. Att'y Discipline Rep. 98 (1985); *Matter of Stothert*, 4 Mass. Att'y Discipline Rep. 134 (1985); *Matter of DiPersia*, 4 Mass. Att'y Discipline Rep. 27 (1985); *Matter of O'Connell*, 4 Mass. Att'y Discipline Rep. 107 (1984); *Matter of Starkey*, 4 Mass. Att'y Discipline Rep. 131 (1984); *Matter of Green*, 4 Mass. Att'y Discipline Rep. 43 (1984); *Matter of McLaughlin*, 4 Mass. Att'y Discipline Rep. 95 (1984); *Matter of McCarthy*, 4 Mass. Att'y Discipline Rep. 86 (1984); *Matter of Swartz*, 3 Mass. Att'y Discipline Rep. 191 (1983).

[2]See *Matter of Anyzeski*, S.J.C. No. 91-25BD (Oct. 31, 1991); *Matter of Caviston*, S.J.C. No. 90-11BD (Oct. 31, 1991); *Matter of McCown*,

suspended indefinitely.[3] The remaining ten received suspensions ranging from eighteen months to five years.[4] In the past nine years, no attorney convicted of a felony has escaped suspension.

Therefore, it appears clear that the sanction of a suspension through the period of the attorney's probation in this case is not at all disparate. In fact, the mitigating circumstances saved him from an indefinite suspension or disbarment.

Judgment in accordance with this opinion shall be entered in the Supreme Judicial Court for the county of Suffolk.

S.J.C. No. 91-41BD (July 15, 1991) (resignation in lieu of further disciplinary proceedings); *Matter of Dray*, S.J.C. No. 91-29BD (April 11, 1991); *Matter of Gillis*, 6 Mass. Att'y Discipline Rep. 127 (1990); *Matter of Gerstein*, 6 Mass. Att'y Discipline Rep. 125 (1990); *Matter of Losinno*, 6 Mass. Att'y Discipline Rep. 208 (1990); *Matter of Murphy-St. Pierre*, 6 Mass. Att'y Discipline Rep. 231 (1989); *Matter of Mulligan*, 5 Mass. Att'y Discipline Rep. 261 (1987); *Matter of Fusaro*, 4 Mass. Att'y Discipline Rep. 40 (1984).

[3] See *Matter of Lucid*, 6 Mass. Att'y Discipline Rep. 164 (1990); *Matter of Kaplan*, 6 Mass. Att'y Discipline Rep. 210 (1990); *Matter of Shuman*, 5 Mass. Att'y Discipline Rep. 346 (1987); *Matter of O'Donnell*, 5 Mass. Att'y Discipline Rep. 279 (1987); *Matter of Weinstein*, 4 Mass. Att'y Discipline Rep. (1985); *Matter of Mahoney*, 4 Mass. Att'y Discipline Rep. 74 (1985).

[4] See *Matter of Quirk*, S.J.C. No. 88-1BD (Oct. 3, 1991) (four-year suspension); *Matter of Crowley*, 6 Mass. Att'y Discipline Rep. 75 (1989) (three-year suspension); *Matter of Modica*, 5 Mass. Att'y Discipline Rep. 258 (1988) (two-year suspension); *Matter of Berlandi*, 5 Mass. Att'y Discipline Rep. 31 (1988) (two-year suspension); *Matter of Rendle*, 5 Mass. Att'y Discipline Rep. 310 (1987) (two-year suspension); *Matter of Campbell*, 4 Mass. Att'y Discipline Rep. 13 (1985) (two-year suspension); *Matter of Levine*, 4 Mass. Att'y Discipline Rep. 68 (1985) (five-year suspension); *Matter of Waitz*, 4 Mass. Att'y Discipline Rep. 148 (1984) (eighteen-month suspension); *Matter of Latour*, 4 Mass. Att'y Discipline Rep. 63 (1984) (five-year suspension); *Matter of Hogan*, 4 Mass. Att'y Discipline Rep. 49 (1984) (effectively suspended for almost seven years).