## In the Matter of Mildred J. Elias.

Suffolk. September 12, 1994. - October 6, 1994.

Present: Liacos, C.J., Abrams, Nolan, & Lynch, JJ.

*Attorney at Law*, Disciplinary proceeding, Commingling of funds, Disbarment.

Disbarment was the appropriate sanction for an attorney who permitted a client to use her trustee account as a business account thus subjecting the account to claims against the client, who commingled the funds of another client with her own funds in her trustee account, and who knowingly and intentionally used funds from her trustee account to pay her own personal expenses, all in direct and clear violation of S.J.C. Rule 3:07, Canon 9, DR 9-102 (A). [724-725]

Information filed in the Supreme Judicial Court for the county of Suffolk on December 3, 1993.

The case was heard by *Wilkins*, J.

*Frank S. Puccio, Jr.*, for the respondent.

*Roger Geller*, Assistant Bar Counsel.

Nolan, J. This is an appeal from the order of a single justice of this court disbarring Mildred J. Elias (respondent). There was no error.

This bar discipline case arose out of the conduct of the respondent in representing two clients, Terrence J. Quinn and Marie Khoury. A hearing committee of the Board of Bar Overseers (board) conducted hearings for ten days, heard testimony from twelve witnesses, and considered nearly 200 exhibits. The hearing committee recommended that the respondent be indefinitely suspended. The respondent appealed to the board's appeal panel which recommended adoption of the hearing committee's report. The board voted to adopt the appeal panel's report but to modify the suggested disposition and to file an information report in the county court recom-

mending that the respondent be disbarred. The respondent has been represented by counsel throughout all the proceedings.

1. *The Quinn matter.* Quinn was a client of the respondent. The hearing committee found that he was engaged in an illegal and fraudulent scheme regarding certain capital funds. He raised money under the guise of creating a pool to invest in commodity futures but failed to do so. Instead, he coverted the funds raised to his own use.

The respondent permitted Quinn to use her trustee account as his business account, abusing the purpose of her clients' account by subjecting it to claims against Quinn in direct violation of S.J.C. Rule 3:07, Canon 9, DR 9-102 (A), as appearing in 382 Mass. 795 (1981).

2. *The Khoury matter.* Marie Khoury retained the respondent to advise her in certain legal and financial matters. They agreed that the respondent would hold Khoury's funds to safeguard them against possible attempts by family members to reach them on claims that Khoury had improperly taken assets from her husband who was terminally ill.

The respondent commingled funds of Khoury with her own funds in her trustee account. She failed to keep complete or accurate records of the Khoury funds and failed to render an appropriate account to Khoury for her funds. She authorized a bank to draw on Khoury's funds (among others) to cover the overdrafts in her personal accounts.

She transferred $50,000 of Khoury's funds without authorization to a money market account which she opened in her own name. The respondent failed to account or to credit Khoury for interest earned on Khoury's funds and appropriated the earned interest to her own use. She failed to keep accurate records of time spent on Khoury's behalf, and, as a result, was unable to determine the amount of fee to charge. She knowingly and intentionally used funds from her trustee account to pay her own personal expenses. This conduct was a clear violation of S.J.C. Rule 3:07, Canon 9, DR 9-102 (A).

3. *Judgment of disbarment.* The hearing committee and appeal panel filed careful reports recommending an indefinite suspension. The board's nine-to-one vote for disbarment is entirely justified by the record. There was sufficient evidence to support the conclusions of the hearing committee and the appeal panel. There is no merit to the claim of staleness because the transgressions all occurred within the six-year period provided in Board of Bar Overseers Rules § 2.5 (1994). Nor is there merit to the respondent's claim that her constitutional right to a fair hearing was violated. She was given notice and full opportunity to defend. She was not compelled to give evidence in violation of her rights against self-incrimination under the Fifth Amendment to the United States Constitution. She voluntarily provided accountings of funds to bar counsel without objection. There is nothing to indicate that the record before the single justice was incomplete.

The judgment of disbarment is not a markedly disparate sanction for her misconduct. See *Matter of Alter*, 389 Mass. 153, 157 (1983). See also *Matter of Knox*, 412 Mass. 569, 570 (1992). We have said that as a standard, the presumptive sanction for an attorney who has intentionally used a client's funds with intent to deprive (or with actual deprivation) is disbarment or indefinite suspension. *Matter of the Discipline of an Attorney*, 392 Mass. 827, 836-837 (1984). There was no error.

*Judgment affirmed.*